Public Utilities Commission
No. 80-424

APPEAL OF GAS SERVICE, INC.
(New Hampshire Public Utilities Commission)

June 26, 1981

*Orr & Reno,* of Concord (*Charles H. Toll, Jr.,* on the brief and orally), for Gas Service, Inc.

*Gregory H. Smith,* attorney general (*David W. Jordan,* assistant attorney general, on the brief and orally), for the State.

PER CURIAM. The question in this appeal is whether the New Hampshire Public Utilities Commission's (PUC) decision not to

consider Gas Service, Inc.'s application for a rate increase constituted an abuse of discretion. We hold that it did.

On June 1, 1979, Gas Service, Inc. (the company) filed for a rate increase. On February 21, 1980, the PUC granted a rate increase of approximately sixty percent of that requested. Areas in which the PUC disagreed with the company were the return on common equity, the attrition allowance, and revenue adjustments based on weather.

On August 1, 1980, the company filed a proposed tariff, to become effective September 1, 1980, which was designed to produce additional revenues. The PUC suspended the proposed tariff on August 18, 1980, and two days later, in response to a telephone request, the company forwarded copies of certain handwritten work papers supporting the rate relief sought. On August 29, 1980, the PUC, without having received the work papers in final form and without a hearing, rejected the proposed tariff on the basis that the request simply sought to relitigate the issues which had been decided against the company in the previous rate proceeding and was nothing more than a late motion for a rehearing. In doing so, the PUC relied on RSA 378:7, which provides that the PUC is "under no obligation to investigate any rate matter which it has investigated within a period of two years, but may do so within said period at its discretion." The company appealed this order.

The company claims that, for the past seven years, it has not earned and has not been able to earn the reasonable rate of return to which it is legally entitled due to the inadequate rate increases approved by the PUC. *See* RSA 378:28. It maintains that, because of events which have occurred since February 1980, its cost of capital and attrition are now greater than that reflected in the rates approved by the PUC at that time, thereby resulting in an earnings deficiency which constitutes an unconstitutional confiscation of its property. *See Appeal of Pennichuck Water Works*, 120 N.H. 562, 567, 419 A.2d 1080, 1083–84 (1980); *LUCC v. Public Serv. Co. of N.H.*, 119 N.H. 332, 341, 402 A.2d 626, 632 (1979). It has produced exhibits which could be found to support its claims.

▮▮ If the facts are as claimed by the company, its property is being unconstitutionally taken from it with each passing day. More than two years have now passed since the June 1, 1979, rate filing and well over a year since the February 1980 order. To require the company to wait for two years for its claim at least to be considered is not only unreasonable but also unconstitutional. The PUC abused its discretion in refusing to consider adequately the company's August 1980 application for a rate increase, and its order

must therefore be reversed. *See LUCC v. Public Serv. Co. of N.H.*, 119 N.H. at 340, 402 A.2d at 631. The matter is remanded to the PUC for a hearing and the taking of additional evidence on the merits of the company's claim.

*Reversed and remanded.*